UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 1:18-cv-23173-JAL
15-CV-21702-LENARD
(10-CR-20410-LENARD)
MAGISTRATE JUDGE P. A. WHITE



DEXTER EARL KEMP,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## MOTION FOR RECONSIDERATION

COMES NOW Movant, DEXTER EARL KEMP ("Kemp"), appearing through *pro se* representation and respectfully requests this Honorable Court to Reconsider Magistrate Judge P. A. White's August 03, 2018, Order Denying Kemp's Rule 60(b) Motion, construing it as a successive motion filed under 28 U.S.C. § 2255 and instructing the Clerk to open a new § 2255 action.

### I. Preliminary Statement

Kemp respectfully requests that the Court be mindful that *pro se* litigants are entitled to liberal construction of their pleadings. See, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Supreme Court has cautioned that any "document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted). This Circuit has long construed documents filed pro se liberally.; *Mays v. United*

*States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) (per curiam).

Kemp requests that this Honorable Court reconsider the Magistrate Court's Order treating Kemp's Rule 60(b) motion (that had requested the Court to re-open his erroneously dismissed timely § 2255), as a motion seeking relief pursuant to 28 U.S.C. § 2255 and Ordering the Clerk to open a new civil action and re-docket the submission of Rule 60(b) motion and the Court's referral Order as Kemp's second motion for relief pursuant to 28 U.S.C. § 2255.

Kemp, completely, and without exception, comprehends the Magistrate Court's hastiness in issuing the recommendation that his Rule 60(b) motion be construed as a § 2255; it is a rarity that a defendant can actually meet all the elements needed to have a Rule 60(b) granted from a court in a § 2255 proceeding.

This is one of those rare instances in which Rule 60(b) relief is available in regard to an order entered in a 2255 proceeding. Yes, it is a novel proposition that the Court is actually presented with a true Rule 60(b) in relation to a 28 U.S.C. § 2255 and the court should be agog with it.

It is clear and obvious that the relief requested in Kemp's Rule 60(b) is certainly available to Kemp where he is challenging the procedural error in the dismissal of his § 2255 and not asserting any claims for relief under § 2255.

The Court was presented with that rare exception and this Court is now given the opportunity to reconsider the Magistrate's rash judgment in denying Kemp relief. Kemp will show this Court that it's skepticism, and reasoning is wholly misplaced in the instant case.

## II. Motion for Reconsideration Legal Standard

Rule 11 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil

Procedure "may be applied, when appropriate" in habeas proceedings, but only "to the extent that they are not inconsistent with these rules." Rule 11, 28 U.S.C. fol. § 2254.

The Federal Rules of Civil Procedure, Rule 59(e) provide instruction for Altering or Amending a Judgment;

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267-68 (N.D. Ala. 2006); see also *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (describing a Rule 59(e) motion as an "extraordinary remedy that should be used sparingly"). A motion to alter or amend under Federal Rule of Civil Procedure 59(e) does not provide a mechanism for a dissatisfied party to re-litigate a matter. See *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." Id. at 1343 (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)).

Courts in this circuit have recognized three grounds for reconsideration and an exception to the law of the case doctrine. See, e.g., *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cnty., Fla.*, 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling: "(1) new evidence; (2) an intervening change in the law

3

that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

In regard to the "manifest error" prong, courts have explained that a motion to reconsider is proper only when the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

Kemp requests reconsideration of the Court's Order denying his Rule 60(b) motion specifically requesting that the Court re-open his original § 2255 erroneously dismissed as time barred , where the Magistrate Court has committed a plain error not of reasoning but of apprehension that has resulted in a manifest injustice.

### III. Pertinent Case History

On February 13th, 2012, Kemp was sentenced to a term of 420 months in the Southern District of Florida case number 10-cr-20410-LENARD.

The Eleventh Circuit Court of Appeals denied Kemp's Petition for Re-Hearing En Banc on May 22nd, 2014.

Kemp filed his first original timely § 2255 on May 4th, 2015.

On September 30th, 2016, the District Court erroneously denied Kemp's § 2255 as untimely based upon the Appeal Court's November 15th, 2013 order affirming Kemp's sentence and conviction, failing to recognize the May 22nd, 2014 denial of hearing en banc.

On June 22, 2018, Kemp filed a "Motion to Reopen Under 28 U.S.C. § 2255 Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," into this court.

The Magistrate Court then erroneously construed the Rule 60(b) motion as a successive §

2255 and instructed the Clerk to take the motion and the Court's August 3rd, 2018 order of referral and open a new § 2255 case. The Clerk did so and it is now opened in the U.S. District Court Southern District of Florida (Miami) Civil Docket Case #: 1:18-cv-23173-JAL awaiting summary dismissal because Kemp has previously filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and a review of court records would indicate that he has not obtained authorization from the Eleventh Circuit to file a second motion pursuant to 28 U.S.C. § 2255.

Kemp now files the instant Motion for Reconsideration .

### IV. Grounds for Reconsideration

The Court's support for it's Order to treat Kemp's Rule 60(b) Motion as a § 2255 relies on arguments that initially appear to be at least somewhat persuasive, however, on closer inspection the reasoning fails to pass muster. The Court abuse its discretion denying Kemp's Rule 60(b) motion by failing to apply the proper legal standard and failing to follow proper procedures. See, *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

Rule 60(b) motions may relieve a party from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

A prisoner may file a Rule 60(b) motion on a "limited basis" to allege a defect in the integrity of the habeas proceedings with respect to the denial of his § 2255 motion. *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir., 2007) . These include an error based upon failure to exhaust, a

5

procedural default, or a statute of limitations bar. *Id.* But, a prisoner may not file a Rule 60(b) motion to challenge the substance of the federal court's resolution of the § 2255 claim on the merits. *Id.*

In *Gonzalez v. Crosby*, the Supreme Court held that:

a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3). 545 U.S. 524, 538, 125 S. Ct. 2641, 2651 (2005)

Although the Supreme Court expressly noted that it was limiting its consideration to § 2254 cases, *id.* at 529 n.3, 125 S. Ct. at 2646 n.3, The Eleventh Circuit has held that "the standard announced in *Gonzalez* applies to federal prisoner cases as well," *Gilbert v. United States*, No. 09-12513, manuscript op. at 69 (11th Cir. May 19, 2011) (en banc). The Supreme Court explained that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions." *Gonzalez,* at 529 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted). Additionally, the Supreme Court held that the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id.*

As the Magistrate Court stated, Federal courts have an obligation to look beyond the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Before a court recharacterizes a pro se motion as a § 2255 motion, however, the court must notify the movant of its intention to do so, warn the movant that recharacterization means that the § 2255 motion will be subject to the restrictions on second or successive motions, and provide the

6

movant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 383 (2003).

Here, Kemp expressly stated that his motion was brought pursuant to Rule 60(b) and not pursuant to § 2255. Inconsistent with Kemp's position, the Magistrate Court construed Kemp's Rule 60(b) motion as a § 2255 motion and failed to provide the required *Castro* warnings noted above. Given that Kemp may use Rule 60(b), a rule of civil procedure, to challenge the procedural error in the dismissal of his § 2255, the Magistrate Court erred in denying Kemp's Rule 60(b) motion.

Kemp's Rule 60(b) motion should not have been treated as a successive habeas petition where it neither "seeks to add a new ground of relief," nor "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, at 532. Kemp's Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," thus the motion is not a successive habeas petition. *Id.* A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief." *Id.* at 530. The Court described the term "on the merits" to mean a determination whether grounds exist entitling a petitioner to relief. *Id.* at 532 n.2.

Notwithstanding that the Court has patently misunderstood Kemp's legal argument, has made a decision outside the adversarial issues presented to the Court, made an error not of reasoning but of understandable apprehension, and in the wholesale disregard, misapplication, and failure to recognize controlling precedent, and although extremely rare, Kemp contends that he unequivocally meets every element required to prevail on the Rule 60(b) claims presented to the Court for relief.

Kemp's Rule 60(b) motion address the error of the district court in dismissing his § 2255 under a statute of limitations bar which is permissible pursuant to *Williams v. Chatman*, 510 F.3d

1290, 1293-94 (11th Cir., 2007). Kemp does not challenge the court's resolution of the § 2255 claims on the merits, in fact that would be impossible; the court failed to reach the merits of Kemp's claims when it dismissed the § 2255 as time barred.

Upon reconsideration of the foregoing argument, Kemp prays this Honorable Court would reinstate his Rule 60(b) request for the Court to reopen this timely filed § 2255 that the court dismissed in error as time barred.

## V. Conclusion

For the above and foregoing reasons, Kemp respectfully requests that this Honorable Court to Reconsider the August 03, 2018 Order treating Mr. Kemp's Rule 60(b) motion as a motion seeking relief pursuant to 28 U.S.C. § 2255, find the 60(b) meritorious, and grant the relief requested therein. Accordingly, the Court should vacate the Order denying Rule 60(b) relief and reinstate Kemp's timely filed § 2255 for adjudication on the merits of his claims.

Respectfully submitted,

Dated: August 20, 2018

Dexter Earl Kemp
Reg. No. 83049-004
Coleman Medium
Federal Correctional Institution
Post Office Box 1032
Coleman, FL 33521
*Movant Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on August __, 2018, I mailed a true and correct copy of the above and foregoing Motion for Reconsideration via U.S. Mail, postage prepaid, to Assistant United States Attorney, Juan A. Gonzalez, Jr. at, 11200 NW 20th Street, Miami, Florida 33172.

_____
Dexter Earl Kemp

<div style="text-align:center">
Dexter Earl Kemp  
Reg. No. 83049-004  
Coleman Medium  
Federal Correctional Institution  
Post Office Box 1032  
Coleman, FL 33521  
August 20, 2018
</div>

Clerk of Court  
U. S. District Court  
Southern District of Florida, (Miami)  
400 North Miami Avenue  
Miami, FL 33128  

Re:   *Dexter Kemp v. United States*  
　　　Case Nos. 1:18-cv-23173-JAL  
　　　15-CV-21702-LENARD  
　　　(10-CR-20410-LENARD)  

To the Clerk of the Court:

　　Please find enclosed for filing into the U.S. District Court *Pro se Movant* Mr. Kemp's Motion for Reconsideration of Magistrate Judge P. A. White's August 03, 2018, Order Denying Kemp's Rule 60(b) Motion for relief.

　　Thank you for your assistance in this matter.

<div style="text-align:right">
Sincerely,

*[signature]*  
Dexter Earl Kemp  
*Movant Pro Se*
</div>







PRIORITY
★ MAIL ★

1006

33128

U.S. POSTAGE PAID
PM 2-Day
COLEMAN, FL
33521
AUG 21, 18
AMOUNT
$0.00
R2305H130354-09

FROM: Dexter Kemp -83049 004
Colema Medium
Federal Correctional Institution
P.O Box 1032
Coleman, Fl 33521

DATE OF DELIVERY SPECIFIED*
USPS TRACKING™ INCLUDED*
INSURANCE INCLUDED*
PICKUP AVAILABLE
* Domestic only

TO: USMS INSPEC

Clerk of Court BY
U.S District Court
Southern District of Florida
400 North Miami AVENUE
Miami, Fl 33128

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

UNITED STATES POSTAL SERVICE®
USPS TRACKING #
9114 9012 3080 3480 5541 79

Label 400 Jan. 2013
7690-16-000-7948

PS00001000060

Legal Flat Rate Envelope
EP14L February 2014
OD: 15 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNIT
POST

This envelope is made from post-consumer waste. Please recycle - again.

**PRIORITY MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

Legal Flat Rate Envelope
EP14L February 2014
OD: 15 x 9.5

* Domestic only.  ★ For international shipments, the maximum weight is 4 lbs.

UNITED STATES POSTAL SERVICE